*281 DUNCAN, Circuit Judge,
dissenting in part:
Because Young failed to file either a formal or informal claim for LHWCA benefits for his thoracic outlet syndrome (“TOS”) or cervical spine problems, I must respectfully dissent from Part III of the majority’s opinion.
Under the LHWCA, an employee must file a claim to preserve his right to compensation. See 33 U.S.C. § 913(a). The claim “serves the purposes of notifying the adverse party of the allegations and of confining the issues to be tried and adjudicated.” U.S. Indus./Federal Sheet Metal Inc. v. Director, OWCP, 455 U.S. 608, 613, 102 S.Ct. 1312, 71 L.Ed.2d 495 (1982). The claim “must contain enough details about the nature and extent of the injury ... to allow the employer to conduct a prompt and complete investigation of the claim so that no prejudice will ensue.” Meehan Seaway Serv. Co. v. Director, OWCP, 125 F.3d 1163, 1167 (8th Cir.1997).
Here, Young sought benefits for TOS and cervical spine problems, but he never filed a formal claim for either injury. Young did file formal claims for a wrist and elbow injury, neither of which were related to his TOS or cervical spine problems. J.A. 209, 216, 504, 515, 570. Moreover, Young never attempted to amend his formal claims to add TOS or cervical spine problems.
Young’s failure to file formal claims for TOS or cervical spine problems is not necessarily fatal to recovery because “wide latitude is allowed as to variance between pleading and proof’ in LHWCA actions. U.S. Indus./Federal Sheet Metal Inc., 455 U.S. at 613, n. 7,102 S.Ct. 1312 (quotations omitted). However, “if the variance is so great that the defendant is prejudiced by having to deal at the hearing with an injury entirely different from the one pleaded, the variance may be held fatal.” Id. Such a fatal variance exists here. The injuries listed on Young’s claims were different from and unrelated to those for which he ultimately sought compensation. Given this complete disconnection between the pleadings and the proof, even a liberal pleading standard cannot save Young’s claims.
Certainly, the Supreme Court has suggested that “an informal substitute for a claim may be acceptable if it identifies] the claimant, indicate^] that a compensable injury has occurred, and convey[s] the idea that compensation is expected.” Id. (quoting 3 A. Larson, The Law of Workmen’s Compensation § 78.11, p. 15-9 (1976)) (alterations in original). Such an informal claim turns on whether an employer receives sufficient notice of the claim to offset any prejudice. See id. The majority appears to conclude that Newport News received sufficient notice of Young’s injuries from his doctors to support such a claim. I must disagree.
While it is true that Young’s doctors notified Newport News of the course of his treatment and his diagnoses, such notice alone is insufficient to state an informal LHWCA claim. The employer must receive notice that the employee intends to seek compensation for the injury. Id. Here, the record evinces no effort on Young’s part to notify Newport News that he expected compensation for his TOS or cervical spine problems. Instead, the record demonstrates that Young only sought compensation for two unrelated injuries. Although Newport News undoubtedly knew of the fact of Young’s TOS and cervical spine problems, it had no notice that Young sought compensation therefor.
I do not believe, and find no support for the proposition, that the mere fact that “Newport News was on notice of Young’s TOS and cervical disc injuries” [Maj. Op. *282 at 279] alone constitutes a claim — even an informal one.